COURT OF CHANCERY
OF THE
STATE OF DELAWARE

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

October 2, 2023

Stephen C. Norman, Esquire
Matthew F. Davis, Esquire
Tyler J. Leavengood, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
Wilmington, Delaware 19801

Gregory P. Williams, Esquire
Rudolf Koch, Esquire
Robert L. Burns, Esquire
Matthew D. Perri, Esquire
Richard Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

RE:  *ITG Brands, LLC v. Reynolds American Inc., et al.*,
C.A. No. 2017-0129-LWW

Dear Counsel:

Concurrently with its cross-motion for summary judgment on remedies, ITG filed a motion to compel (the "Motion").[1] The Motion asks that the court order Reynolds to: (1) produce documents supporting Reynolds' request for over $7.4 million in attorneys' fees and costs in this litigation; (2) supplement its response to Interrogatory No. 3 to ITG's First Set of Interrogatories; and (3) produce an unredacted version of a purportedly privileged document either (a) to ITG directly

---

[1] Capitalized terms not defined herein have the meaning given to them in the court's October 2, 2023 memorandum opinion. Dkt. 390.

or (b) to the court for *in camera* review.[2] The Motion is granted in part and denied in part, as explained below.

### A. Documents Regarding Reynolds' Attorneys' Fees

ITG's request for an order compelling Reynolds to produce documents supporting Reynolds' request for attorneys' fees in this action is denied. At this stage, Reynolds is not asking for the court to resolve the amount of attorneys' fees it may ultimately recover. As explained in the October 2, 2023 memorandum opinion resolving the parties' cross-motions for summary judgment, Reynolds may submit a Rule 88 affidavit, including documentation supporting its request for fees, if it demonstrates its entitlement to recover these fees.[3] Once Reynolds files its fee application (assuming it proves its entitlement), ITG will have the opportunity to litigate the fees' reasonableness.

### B. Supplemental Response to Interrogatory No. 3

Interrogatory No. 3 of ITG's First Set of Interrogatories sought from Reynolds:

---

[2] ITG Brands, LLC's Mot. to Compel (Dkt. 349) ("Mot."); *see also* Reynolds' Opp. to ITG Brands, LLC's Mot. to Compel (Dkt. 356); Reply in Support of ITG Brands, LLC's Mot. to Compel (Dkt. 363) ("Reply").

[3] *See* Dkt. 390 at 39-42 (discussing Reynolds' request for the "Delaware Attorneys' Fees"); *id.* at 13 (defining "Delaware Attorneys' Fees").

> [a] chronology of every contact, correspondence, meeting, or Communication that [Reynolds] had with ITG Brands, with Florida, and/or with Philip Morris USA Inc. . . . in any way related to ITG Brands joining or the potential for ITG Brands to join the Florida Settlement Agreement from July 15, 2015 to the present.[4]

Reynolds responded to this interrogatory on January 26, 2022.[5] It explained that the last communication between Reynolds and Philip Morris on the identified topic took place on December 2, 2021.[6]

According to ITG, Reynolds represented that ITG's joinder to the Florida Settlement Agreement was agreed to between Reynolds, Philip Morris, and Florida and remained a possibility as of November 2, 2022 (when Reynolds filed it summary judgment brief).[7] As a result, ITG contends that there are likely communications between Reynolds and Philip Morris post-dating December 2, 2021 that are responsive to Interrogatory No. 3.

---

[4] Mot. Ex. 5.

[5] Mot. ¶ 6.

[6] Mot. Ex. 6 at 6.

[7] Mot. ¶ 7.

On November 8, 2022, ITG asked Reynolds to supplement its response to Interrogatory No. 3.[8] Reynolds refused. Reynolds also refused to represent that no further responsive communications took place after December 2, 2021.[9]

Court of Chancery Rule 26(e)(3) imposes a "duty to supplement responses" when "new requests for supplementation of prior responses" are made.[10] The requested supplementation is relevant under Rule 26 in light of Reynolds' request for specific performance requiring ITG to join the Florida Settlement Agreement.[11] The scope of the interrogatory is broad. ITG's request for supplemental is therefore granted.

If no responsive communications occurred since December 2, 2021, Reynolds should say so. But if such communications have occurred, Reynolds must supplement its response to Interrogatory No. 3.

### C. *In Camera* Review

During Reynolds' deposition of ITG's litigation counsel Elizabeth McCallum, Reynolds' examining attorney purportedly referenced an unproduced document that

---

[8] Mot. Ex. 1.

[9] Mot. Exs. 2, 4.

[10] Ct. Ch. R. 26(e)(3).

[11] *See* Dkt. 336 at 18.

contradicted McCallum's recollection.[12]  After McCallum's deposition, ITG asked that Reynolds produce "any documents or electronically stored information . . . that reflect or describe communications with Ms. McCallum or any person affiliated with ITG Brands, LLC concerning any matter related to the issues in this litigation to the extent that such documents have not already been produced."[13]

Initially, Reynolds objected on privilege grounds and refused to identify the document's corresponding privilege log number.[14]  Reynolds has since disclosed a portion of the document (a set of handwritten notes taken by in house counsel) in connection with its summary judgment briefing but maintains redactions on the rest.[15]  ITG asks to see the remainder of the document for context and completeness or, alternatively, asks the court to review the document *in camera* to determine if the redacted information is privileged.[16]

---

[12] Mot. ¶ 12; Mot. Ex. 7 at 228.

[13] Mot. Ex. 1.

[14] Mot. Ex. 2.

[15] Dkt. 354 Ex. H (handwritten notes).

[16] Reply ¶ 17.

The latter request is granted. Reynolds is directed to provide the relevant document to the court for *in camera* review along with the corresponding privilege log entry.[17]

ITG also contends that Reynolds waived privilege by placing the communication at issue and seeks production of all documents related to the subject matter.[18] This assertion was not raised in ITG's opening Motion (or its proposed order). Accordingly, I will not address it.[19]

\* \* \*

The Motion is granted in part and denied in part as set forth above. Each party shall bear their own fees and costs associated with the Motion. To the extent necessary for this decision to take effect, IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[17] Dkt. 354 Ex. H; *see Mechel Bluestone, Inc. v. James C. Just. Cos., Inc.*, 2014 WL 7011195, at \*10 (Del. Ch. Dec. 12, 2014) (explaining that the court will grant *in camera* review to "determine whether the descriptions on the privilege log were accurate and whether privilege was properly asserted").

[18] Reply ¶ 18.

[19] *Emerald P'rs v. Berlin*, 726 A.2d 1215, 1224 (Del. 1999) ("Issues not briefed are deemed waived.").